This is a suit for damages to a delivery truck owned by the plaintiff, Cottons, Inc., as the result of a collision between it and a freight truck belonging to the defendants, Sullivan, Long Hagerty, Inc., which occurred at about five o'clock on the morning of February 25, 1940, on the Plank Road which leads north out of the City of Baton Rouge. The original demand was for $752.31 of which $150 was for the loss of use of the truck and $300 for the permanent damage alleged to have been done to it. During the trial of the case however it developed that the proof on these two items was very indefinite and it was so stated by the district judge who intimated that they would not be allowed if damages otherwise were recoverable. In brief of counsel for plaintiff it is now stated that the proof fails in so far as those two items are concerned and the amount claimed is now restricted to $302.31 for the actual damage to the truck. The Hartford Accident Indemnity Company, the public liability insurance carrier of Sullivan, Long Hagerty, Inc., is also made a party defendant to the suit.
A simple issue of fact is presented in the case on which the district judge, on the proof submitted, awarded judgment in the sum of $302.31, and the defendants have appealed. In as much as the plaintiff's truck had made a complete "U" turn on the highway, counsel for defendants have devoted a considerable part of their argument to the proposition that the driver of that truck was executing a very dangerous *Page 506 
maneuver on the public road and they have injected the danger therein involved as a law point in the case. We agree with the findings of the trial court however that the driver of the defendant truck was the one whose negligence caused the accident and necessarily must conclude, as evidently he also did, that the driver of plaintiff's truck had completed the "U" turn and that that of itself had nothing to do with the collision which took place.
We are convinced that the testimony fully substantiates the allegations of the petition of the plaintiff which are to the following effect:
Plaintiff is engaged in the bakery business in and around Baton Rouge, and has several delivery trucks on the road. The truck involved in this accident and which was driven by L.L. Minvielle, had a route which took it to that section north of the city on the Plank Road. On February 28, 1940, the morning of the accident, Minvielle was driving the truck as usual and was accompanied by a young boy by the name of Gordon Curtis who assisted him in his deliveries. At about five o'clock on that morning, while it was foggy, rainy and misty, he was delivering bread at Ourso's Store, which is situated on the west side of the Plank Road. His truck was parked on that side of the road, headed south. His route then called for him to make a complete turn in the road and go north again. He says, and the boy Curtis agrees with him, that before attempting to make the turn they both looked north and south and that both saw the lights of a truck which was approaching from the north but they both estimated that at that time it was fully four blocks away. Feeling that it was at a safe distance enough not to interfere with his making the turn, the driver turned to his left, proceeded east across the highway, had already gotten completely across and was almost headed north again when the truck they had seen came skidding on the paved road, out of control of the driver. It had turned around almost to the point where its rear end struck the front end of the plaintiff's truck.
It is shown that there was sewer work going on along the Plank Road at the time, and that there was a considerable amount of dirt on the paved portion of the highway. This, with the mist and fog which caused that portion of the road to be very slippery no doubt tended to make it very hard for the driver of the defendant truck to control it if and when he applied the brakes in his effort to avoid a collision. It is urged on behalf of this driver, and he so testified, that the bread truck was in the act of crossing the road when he was only 150 feet away from it. He states that he applied his brakes but was unable to stop in time to avoid running into it. At first he stated that he was 150 feet away when he first saw the bread truck going across the road but that he did not apply his brakes until he was about sixty feet away from it. When asked why he drove on ninety feet more before applying his brakes, he tried to correct himself and then said that he had applied them when he was 150 feet away. At that point his testimony impresses us as that of a witness who has become much confused and it tends to establish his own negligence.
There is hardly any doubt that the preponderance of the testimony, both that of the witnesses and the physical facts which show that the bread truck was struck on the front end, is to the effect that that truck had already completed the turn on the highway and was headed north at the time it was run into. The question which was raised by counsel for the defendants as to what it was doing stopped at that point, seems to be very plausibly answered when the driver says that every morning at that hour he met a milk truck right at Folse's Store where he was stopped at the time, and that as he took the defendant truck to be the milk truck, he was stopped waiting for it. Counsel seem to doubt that because they state this was a flat truck whereas the milk truck was of the body type, but we think that at the hour of the accident it was so dark, the only thing visible to the driver of the plaintiff truck on the approaching truck were the lights and he had no way of telling what type of truck it was.
The driver of the defendant truck attempted to show that he was unfamiliar with the road and that the slippery condition of the pavement extended only a short distance from where he applied his brakes, but the reverse of this is the true or the real fact as it is shown by a preponderance of the testimony that this condition existed as far as ten blocks north of the point of collision.
We have discussed every point that was raised in the case, and are fully convinced of the correctness of the judgment appealed from. The district judge evidently had made up his mind after hearing the last *Page 507 
part of the testimony which was offered by the driver of the defendant truck when he himself asked him some rather pertinent questions indicating his doubt that the accident happened on the paved portion of the highway near the east side of the center line while the truck was still facing east. It, of course, would have been physically impossible for the rear end of his truck to have struck the left front end of the bread truck if this had been the situation at the time of the collision as he contended.
Judgment affirmed.